UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SHARRON PIGGEE, | No. 2:25-cv-1780 CSK P |
| Plaintiff, | |
| v. | ORDER |
| JIM COOPER, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, now federal prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1 These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
3 § 1915(b)(2).

4 As discussed below, plaintiff's complaint is dismissed with leave to amend. In light of
5 this order, plaintiff's motion for summary judgment is denied without prejudice.

6 I.     SCREENING STANDARDS

7 The court is required to screen complaints brought by prisoners seeking relief against a
8 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
9 court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
10 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
11 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

12 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
14 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
16 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
19 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
20 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
21 1227.

22 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
23 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
25 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
26 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
27 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
28 sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.   THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.   PLAINTIFF'S COMPLAINT

In his first claim, plaintiff alleges that he was put in disciplinary segregation on October 6, 2024, without being offered a hearing or being found in violation of a facility rule. (ECF No. 1 at 4.) Plaintiff claims he was held in segregation until his hearing was conducted and his disciplinary period expired. (Id.) As injury, plaintiff was denied access to his attorney, the law library, telephone, shower, and recreation outside his cell on more than one occasion. (Id.)

In his second claim, plaintiff alleges that on October 6, 2024, defendant Sgt. Dutton came over the intercom and made an inaudible remark. (Id. at 5.) Plaintiff told Sgt. Dutton that plaintiff could not hear or understand him; plaintiff heard Sgt. Dutton say something about a hearing. Plaintiff told Sgt. Dutton that plaintiff wanted to call witnesses, and plaintiff's request to call witnesses was denied. Plaintiff also asked for audio and video footage to be presented as evidence, and that request was also denied. (Id.) Plaintiff alleges these denials violated his right to due process and deprived him of the opportunity to prove his innocence.

In his third claim, plaintiff alleges that on November 7, 2024, defendant Masterson observed plaintiff with his head in the toilet talking to a female inmate on another floor, which is a minor violation. (Id. at 6.) Plaintiff states that instead of asking plaintiff to flush the toilet, Masterson became hostile and ordered plaintiff to cuff up and then called for assistance. (Id.) Masterson then opened plaintiff's cell and ordered plaintiff to turn around. Plaintiff asked her if he could put shoes on because he was barefoot. (Id.) Masterson and defendant Gonzales then grabbed plaintiff and smashed his face against the wall and applied handcuffs in a way that caused severe pain and swelling to plaintiff's left wrist. Plaintiff alleges this incident took place several days after plaintiff was involved in a physical altercation with a deputy who assaulted plaintiff, and was a pretext to retaliate against plaintiff with physical harm. (Id.) As a result of the use of excessive force, plaintiff suffered swelling to his face and left wrist, and his wrist had not healed as of the filing of this complaint. (Id.)

In his fourth claim, plaintiff alleges that defendants Cooper, Montoya, O'Brien, and Door violated plaintiff's due process and equal protection rights by depriving plaintiff of his tablet for eight months, when jail policy states that in connection with disciplinary process, the maximum time any privilege can be suspended shall not exceed 30 days. (Id. at 7.) Plaintiff states that on September 6, 2024, his tablet privileges were suspended indefinitely after he was found guilty of possessing a weapon that was allegedly made from tablet materials. (Id.) In addition to violating the policy, the indefinite suspension deprived plaintiff of access to the law library, reading material, and educational programs only accessible on the tablet. (Id.) Plaintiff claims the supervisor of the law library, Deputy Cole, will confirm that the law library resources are

inadequate to address the needs of inmates who are fighting federal cases, and the tablet is better suited for federal cases. Plaintiff contends that defendants cannot state any legitimate penological interest in depriving plaintiff of the tablet because they have installed various security measures on the tablets that prevent alteration of the tablet. (Id.) Plaintiff asks that his tablet privileges be reinstated. (Id. at 9.)

Plaintiff seeks money damages. (Id. at 10.)

IV.     DISCUSSION

A. Due Process Claims

In his first, second and fourth claims, plaintiff alleges violations of his due process rights.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff's due process claims require a two-step analysis: "First, [the Court must] determine whether the inmate was deprived of a constitutionally protected liberty. . . . Second, [the Court] examine[s] whether that deprivation was accompanied by sufficient procedural protections." Johnson v. Ryan, 55 F.4th 1167, 1179 (9th Cir. 2022). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

Here, although plaintiff alleges he was denied certain procedures related to disciplinary proceedings, he failed to plausibly allege he was deprived of a protected liberty interest. See id. Plaintiff must allege he suffered an "atypical, significant deprivation." Sandin v. Conner, 515 U.S. 472, 486 (1995). To determine whether sanctions pose an atypical and significant hardship, courts look to the prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence. See Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996), op. amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998).

In his first claim, plaintiff failed to identify the defendant who allegedly denied plaintiff a hearing before he was put in a disciplinary segregation cell. Plaintiff does not state how long he was segregated. Plaintiff's first and second claims are also unclear, because in his first claim, he

alleges he was denied a hearing on October 6, 2024, but in his second claim, he alleges Sgt. Dutton held a hearing on October 6, 2024, over the intercom. In addition, it is unclear whether plaintiff's fourth claim is related to the hearing held on October 6, 2024, or whether the suspension of plaintiff's tablet on September 6, 2024, was a separate disciplinary action.

In addition, plaintiff's allegations do not state a claim for violation of due process rights. While the denial of witnesses or a hearing can under some circumstances support a due process claim, plaintiff does not allege he lost good-time credits or show that the disciplinary imposed atypical and significant hardship such that he was entitled to such process.

Thus, plaintiff's due process claims must be dismissed, but plaintiff is granted leave to amend. If plaintiff chooses to pursue his due process claims, plaintiff must allege specific facts as to each disciplinary proceeding, and show that each disciplinary imposed an atypical and significant hardship.

### B. Excessive Force Claim

Plaintiff alleges defendants Masterson and Gonzales used excessive force, but plaintiff does not indicate whether he had been convicted at the time the force was used.

"[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992). "Pretrial detainees, whether or not they have been declared unfit to proceed, have not been convicted of any crime. Therefore, constitutional questions regarding the circumstances of their confinement are properly addressed under the due process clause of the Fourteenth Amendment." Trueblood v. Wash. State Dep't of Soc. & Health Servs., 822 F.3d 1037, 1043 (9th Cir. 2016) (citation, internal quotation marks, and alterations omitted); see also Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."); Byrd v. Maricopa Cnty. Bd. of Supervisors, 845 F.3d 919, 924 n.2 (9th Cir. 2017) (The Fourteenth Amendment, and not the Eighth Amendment, governs cruel and unusual punishment claims of pretrial detainees.).

///

The Fourteenth Amendment prohibits the excessive use of force and maltreatment that amounts to punishment. Bell v. Wolfish, 441 U.S. 520, 535, 539 (1979); Kingsley v. Hendrickson, 576 U.S. 389 (2015). In Kingsley, 576 U.S. at 397, the United States Supreme Court "rejected the notion that there exists a single 'deliberate indifference' standard applicable to all § 1983 claims, whether brought by pretrial detainees or by convicted prisoners." Castro v. County of Los Angeles, 833 F.3d 1060, 1069 (9th Cir. 2016).

It appears that plaintiff may be able to state cognizable excessive force claims against defendants Masterson and Gonzales. But in his amended complaint, plaintiff should explain his status, i.e. whether he was convicted at the time, or whether he was a pretrial detainee.

C. Retaliation

In his third claim, plaintiff alleges this incident took place several days after plaintiff was involved in a physical altercation with a deputy who assaulted plaintiff and was a pretext to retaliate against plaintiff with physical harm.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, plaintiff fails to identify any conduct that was protected by the First Amendment, or that such protected conduct motivated the actions of defendants Masterson and Gonzales. If plaintiff can identify his protected conduct, plaintiff must allege facts showing a nexus between his protected conduct and the alleged retaliatory act. See Brodheim, 584 F.3d at 1271 (a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct). Plaintiff's speculation and conclusion that defendants' conduct was motivated by a desire to retaliate does not suffice to state a claim. See Pratt v. Rowland, 65 F.3d

802, 808 (9th Cir. 1995) (noting that plaintiff's "sheer speculation" that defendants had knowledge of his protected conduct was insufficient to show retaliatory intent); Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.").

Plaintiff's third claim fails to state a cognizable retaliation claim and must be dismissed.

D. Access to the Courts

In his fourth claim, plaintiff asserts he was denied access to the courts.

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Plaintiff's conclusory claim that he was denied access to the courts is insufficient to state an access to the courts claim. Plaintiff must allege facts demonstrating he sustained an actual injury to his court access in a direct criminal appeal, habeas petitions, or civil rights action. Plaintiff's access to the courts claim is dismissed.

E. Equal Protection

In his fourth claim, plaintiff also claims his equal protection rights were violated by the suspension of his right to have the tablet.

The Equal Protection Clause commands that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To state an

equal protection claim, a prisoner must allege he was intentionally discriminated against based on his membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Alternatively, a plaintiff can show he was intentionally treated differently from other similarly situated inmates without a rational basis for such disparate treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) (involving a plaintiff whose equal protection claim "did not allege membership in a class or group").

Here, plaintiff fails to allege any facts showing he is a member of a protected class. See United States v. Whitlock, 639 F.3d 935, 941 (9th Cir. 2011) ("[N]either prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes."). Plaintiff has not alleged any facts showing he was intentionally treated differently from other similarly situated prisoners who had their rights to a tablet suspended because they made a weapon from the tablet material. Plaintiff's allegation that he was treated differently than other inmates is insufficient to state a claim. See Hartmann v. Cal. Dep't of Corrs. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013) (explaining that the Equal Protection Clause does not require that "all prisoners must receive identical treatment and resources"). Plaintiff fails to state an equal protection claim.

F. No Charging Allegations

Further, plaintiff names eleven defendants, but fails to include any charging allegations as to defendants Deputy Estes, Deputy Massera, Sgt. Sopwit, and Sgt. McMann. Plaintiff does not explain how the John Doe defendant, a "Classification Sgt.," was involved in any of plaintiff's four claims.

G. Misjoinder

Plaintiff's first, second and fourth claims are not related to his third claim alleging excessive force by defendants Masterson and Gonzales, and the three claims are raised against different defendants: Sgt. Dutton, Cooper, Montoya, O'Brien, and Door. Thus, plaintiff's four claims are not properly raised in the same action. Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  If unrelated claims are improperly joined, the court may dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissal under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).  Here, as presently pled, plaintiff's claims arose from four different incidents involving different defendants, and therefore are not properly joined in one action.

Where parties have been misjoined, the court may dismiss a party or sever the claims against that party.  Fed. R. Civ. P. 21.  "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'"  Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)).  Here, the unrelated claims are based on incidents that took place in late 2024, and plaintiff will not be prejudiced by their dismissal, without prejudice, from this action.  Plaintiff may pursue such claims in separate, timely actions.  See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits").

V.    LEAVE TO AMEND

Because of the above deficiencies, plaintiff's complaint must be dismissed.  Plaintiff is granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must decide which claim he wishes to pursue in this action, and which claims he will pursue in separate actions.  A plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ. P. 18.  In addition, a

1  plaintiff may join multiple defendants in one action where "any right to relief is asserted against
2  them jointly, severally, or in the alternative with respect to or arising out of the same transaction,
3  occurrence, or series of transactions and occurrences" and "any question of law or fact common
4  to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Unrelated claims against
5  different defendants must be pursued in separate lawsuits.  See George, 507 F.3d at 607.

6       In any amended complaint, plaintiff must demonstrate how the conditions about which he
7  complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West, 487 U.S. at
8  48.  Also, the complaint must allege in specific terms how each named defendant is involved.
9  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983
10 unless there is some affirmative link or connection between a defendant's actions and the claimed
11 deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).
12 Furthermore, vague and conclusory allegations of official participation in civil rights violations
13 are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14      In addition, plaintiff is informed that an amended complaint must be complete in itself
15 without reference to any prior pleading.[1]  Local Rule 220; see Ramirez v. County of San
16 Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the
17 original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once
18 plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff is not granted
19 leave to add new claims or new defendants.

20 VI.    MOTION FOR SUMMARY JUDGMENT

21      Along with his original complaint, plaintiff filed a motion for summary judgment on his
22 due process claims.  (ECF No. 3.)  As discussed above, the Court found that plaintiff failed to
23 state cognizable due process claims against defendants, and dismissed plaintiff's original
24 complaint.  Because plaintiff's complaint is dismissed by this order, plaintiff's motion for

---

[1] On August 18, 2025, plaintiff filed a document styled, "Supplement[al] Brief:  New Evidence," in which he claims that defendants Cooper, Montoya, Mohter, McMahon, Sopwit and Classification Sgt. violated plaintiff's due process rights again.  (ECF No. 8.)  However, plaintiff is advised that piecemeal pleadings are not permitted.  Plaintiff must include all claims against defendants in one complaint.  Further, plaintiff should not separately file evidence in support of his claims.  The court is not a repository for parties' evidence.

summary judgment must be denied without prejudice because it is based on claims that have been dismissed with leave to amend. Dismissing a complaint with leave to amend is not a final judgment, and the Court must first consider plaintiff's amended complaint before substantive decisions on the merits of plaintiff's claims can be determined.

In addition, plaintiff is cautioned that he should not renew his motion for summary judgment until after the Court issues its discovery and scheduling order setting discovery and pretrial motions deadlines. "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion [for summary judgment] will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)). Plaintiff is advised that judges from this court and others regularly deny pre-answer and pre-discovery motions for summary judgement as premature, despite technical compliance with Rule 56. See Sayyedalhosseini v. Los Rios Community College District, 2024 WL 2883475, at *6 n.6 (E.D. Cal. June 6, 2024); Giles v. San Joaquin Valley Rehab. Hosp., 2023 WL 5806539, at *1 (E.D. Cal. Sept. 7, 2023) (collecting E.D. Cal. cases); Ahuruonye v. United States Dep't of Interior, 2016 WL 11956733, at *3 n.5 (D.D.C. Dec. 15, 2016) (citing several cases in D.D.C. and D.C. Cir.); see also Hellstrom v. U.S. Dep't of Veterans Affs., 201 F.3d 94, 97 (2d Cir. 2000) ("[o]nly in the rarest of cases" may summary judgment "be granted against a plaintiff who has not been afforded the opportunity to conduct discovery").

In light of this order, plaintiff's subsequent request for ruling on his motion for summary judgment (ECF No. 6) is denied as moot.

VII.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Warden or designee filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action by a prisoner.

6. Plaintiff's motion (ECF No. 3) is denied without prejudice.

7. Plaintiff's request for ruling (ECF No. 6) is denied as moot.

Dated: September 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/pigg1780.14

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   DOUGLAS SHARRON PIGGEE,              No. 2:25-cv-1780 CSK P
12              Plaintiff,
13        v.                              <u>NOTICE OF AMENDMENT</u>
14   COOPER, et al.,
15              Defendants.
16
17        Plaintiff submits the following document in compliance with the court's order
18   filed on _____ (date).
19
20                    ☐     Amended Complaint
21                    (Check this box if submitting an Amended Complaint)
22   DATED:
23                              _____
                                            Plaintiff
24
25
26
27
28
                                       1