UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SHARRON PIGGEE,<br>Plaintiff,<br>v.<br>JIM COOPER, et al.,<br>Defendants. | No. 2:25-cv-1780 CSK P<br><br>ORDER |

Plaintiff is a former county jail inmate, now federal prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis. This proceeding was referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the Court. As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

///

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II. THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including

by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

## III. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff claims that defendants Cooper, Montoya, McMann, Sopuit, Imbriate, Massera and an unidentified classification sergeant violated plaintiff's due process rights by placing him in disciplinary segregation without a hearing and guilty finding. (ECF No. 13 at 3.) While he was unlawfully held in segregation, plaintiff lost most of his personal property, denied dayroom on several occasions, denied access to a shower more than once, and was denied phone calls to his family and his attorney. (Id.)

In his second claim, plaintiff alleges that on November 7, 2024, defendants Massera and Gonzalez used unnecessary and excessive force on plaintiff by smashing his face against the wall and placed handcuffs on him, resulting in severe pain and swelling in his left wrist and injuries to his face. (Id. at 4.)

In his third claim, plaintiff alleges that on October 6, 2024, he was provided a hearing over the intercom in his cell by Sgt. Dutton, apparently without notice, and was denied the ability to call a witness or to present the bodycam footage from the underlying incident in violation of his due process rights. (Id. at 5.) Plaintiff was put in disciplinary segregation without access to a phone and educational programs, and his access to the dayroom was severely reduced. (Id.)

Plaintiff seeks money damages.

## IV. DISCUSSION

Initially, plaintiff's amended complaint is unclear because he names only four defendants in the case caption and the defendants' section of the pleading, but he names other defendants in the text of his amended complaint. Rule 10 of the Federal Rules of Civil Procedure requires litigants to name all parties in the case caption. Fed. R. Civ. P. 10(a). This assists the Court and defendants in determining who plaintiff is suing. The Court cannot construe plaintiff's first claim against only the four named defendants because of other deficiencies in the amended complaint, as discussed next.

Second, plaintiff has again improperly joined unrelated claims. Plaintiff's excessive force claims against defendants Massera and Gonzales are unrelated to plaintiff's due process allegations against seven different defendants in his first claim. Plaintiff's due process allegations in his third claim against defendant Sgt. Dutton are unrelated to plaintiff's due process allegations raised in his first claim and are also unrelated to plaintiff's excessive force claims. Plaintiff must pursue these three claims in separate actions because they do not involve the same defendants and do not arise from the same transaction or occurrence. Plaintiff is cautioned that failure to comply with this order may result in the dismissal of unrelated claims.

Third, in his first claim, plaintiff fails to set forth specific facts as to each of the seven named defendants. Plaintiff is cautioned that he should only name the specific defendant(s) responsible for his alleged wrongful placement in disciplinary segregation. For example, Jim Cooper is the Sheriff, and plaintiff must allege specific facts showing defendant Cooper was personally involved or had a causal connection between Cooper and the unlawful placement. As set forth above, plaintiff must include facts establishing each defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. Because plaintiff did not include the date of his alleged wrongful placement in disciplinary segregation, the Court cannot find that plaintiff's third claim is related to the October 6, 2024 incident involving Sgt. Dutton.

Fourth, it appears plaintiff is able to state a cognizable Fourteenth Amendment excessive force claim against defendants Massera and Gonzales, but plaintiff must name those individuals as defendants. Plaintiff may choose to amend and pursue only his cognizable excessive force claims against defendants Massera and Gonzales in this action and pursue his due process claims in other actions separate from this one.

Because of the above deficiencies, plaintiff's amended complaint must be dismissed. The Court will, however, grant plaintiff leave to file a second amended complaint.

## V. LEAVE TO AMEND

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended, in part, "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original or prior pleading is superseded and treated as non-existent. See Ramirez, 806 F.3d at 1008.

## VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/pigg1780.14amd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Click here to enter text.,

Plaintiff,

v.

Click here to enter text.,

Defendants.

No. Click here to enter text.

NOTICE OF AMENDMENT

Plaintiff submits the following document in compliance with the court's order filed on _______________ (date).

☐ Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

___________________________________
Plaintiff